

# UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIUSEPPE A. GAMBINO,<br><br>  Petitioner,<br><br>v.<br><br>MICHELLE RICCI et al.,<br><br>  Respondents. | Civil Action No.<br>09-3872 (KSH)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

It appearing that:

1. On August 5, 2009, the petitioner (then confined at the Passaic County Jail, Paterson, New Jersey) filed a *pro se* petition, pursuant to 28 U.S.C. § 2254. See docket entry no. 1. The petition arrived unaccompanied by the petitioner's filing fee of $5.00 or by his *in forma pauperis* application. See *id.*

2. On October 9, 2009, this Court issued an order advising the petitioner of his rights, pursuant to the holding of *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). See docket entry no. 2.

3. The clerk duly mailed the Court's order to the petitioner; that mailing was returned as undeliverable. See docket entry no. 3.

4. The Court, therefore, directed the clerk to terminate this matter on the grounds of the petitioner's failure to comply

with Local Civil Rule 10.1(a), which requires unrepresented parties to advise the Court of any change in address within five days. See docket entry no. 4. However, out of abundance of caution, the Court provided that, in the event the petitioner notifies the clerk of the petitioner's new address within 120 days from the date of entry of the order terminating this matter, the Court would direct the clerk to reopen this matter and address the petitioner's challenges on merits. See id.

5. The Court's order directing termination of this matter was entered on December 28, 2009. See id. The clerk mailed that order to the petitioner; that mailing was too returned as undeliverable. See docket entry no. 5.

6. Almost *eleven months* passed by, and – on November 19, 2010 – the clerk received a letter from the petitioner inquiring about the status of this case. See docket entry no. 6. Still, this letter from the petitioner did not advise the Court of the petitioner's change in address. See id.

7. Another seven months passed by and, on June 28, 2011, the clerk received another letter from the petitioner. See docket entry no. 7. As the petitioner's prior letter, this new letter inquired about the status of this matter, see id.; in addition, this new letter included a promise to send Petitioner's filing fee of $5.00 "in two days" and was

2

accompanied by the petitioner's proposed amended petition. See id.; see also docket entry no. 7-1. The proposed amended petition indicated that the petitioner has been housed at the New Jersey State Prison. See id. at 1.

8. Since the petitioner took *eighteen months* to inform the Court of the petitioner's new address, this Court entered a text order denying the petitioner's request to file his proposed amended petition. See docket entry no. 8. In light of the petitioner's promise to send his filing fee of $5.00, the Court also directed the clerk to remit that filing fee to the petitioner. See id.

9. The Court, however, recognizes that the Court's text order effectively prevents the petitioner from having his habeas challenges reviewed on merits because, as of now, the petitioner's period of limitations to file a § 2254 petition long expired. Although the petitioner's grievous disregard for these proceedings – manifested by the petitioner's lack of interest in prosecuting this matter for *a year and a half* – causes this Court grave concern, this Court finds it warranted to allow the petitioner an opportunity to explain the grounds for his failure to diligently prosecute his challenges. Cf. Urcinoli v. Cathel, 546 F.3d 269 (3d Cir. 2008).

3

IT IS, therefore, on this _____ day of _____, 2011

ORDERED that this Court's text order, docket entry no. 8, is vacated to the extent that no provision of the text order shall be construed as a final dismissal. In addition, the provision directing the clerk to remit $5.00 to the petitioner is also vacated;[1] and it is further

ORDERED that this matter shall remain in administrative termination; and it is further

ORDERED that the clerk shall open a new and separate matter for the petitioner; and it is further

ORDERED that the clerk shall designate, in that new and separate matter, "Cause: 28:2254 Petition for Writ of Habeas Corpus (State)" and "Nature of Suit: 530 Habeas Corpus (General)"; and it is further

ORDERED that the clerk shall designate "Giuseppe A. Gambino" as the petitioner in that new and separate matter and indicate that the petitioner's current address and identifications are "ID # 455143, SBI # 92107.B, New Jersey State Prison, Whittlesey Road, Trenton, New Jersey 08625"; and it is further

---

[1] As of now, the period of "two days," within which the petitioner promised to submit his filing fee of $5.00, has long expired. However, no filing fee was received from the petitioner. The clerk, therefore, has no $5.00 to remit.

4

ORDERED that the clerk shall designate "Warden of New Jersey State Prison" as the respondent in that new and separate matter; and it is further

ORDERED that the Clerk shall docket the petitioner's proposed amended petition (docketed in this matter as docket entry no. 7-1) as docket entry no. 1 in that new and separate matter; and it is further

ORDERED that the Clerk shall docket these memorandum opinion and order as docket entry no. 2 in that new and separate matter; and it is further

ORDERED that the clerk shall assign this new and separate matter on a wheel; and it is further

ORDERED that the clerk shall administratively terminated this new matter by making a separate docket entry reading "CIVIL CASE ADMINISTRATIVELY TERMINATED"; such termination shall be subject to reopening in the event the judge assigned to preside over this new and separate matter finds it warranted to have this new and separate matter reopened; and it is further

ORDERED that the clerk shall serve these memorandum opinion and order upon the petitioner by regular U.S. mail, addressing such mailing to the petitioner's New Jersey State Prison address provided above; and it is further

ORDERED that the clerk shall include in the aforesaid mailing: (a) copies of this Court's orders docketed in this matter as docket

entries nos. 2 and 4; (b) copies of the docket sheets created in this matter and in the new and separate matter opened for the petitioner pursuant to the terms of these memorandum opinion and order; and (c) a blank in forma pauperis application for incarcerated individuals seeking to file a habeas petition; and it is further

ORDERED that, within thirty days from the date of entry of these memorandum opinion and order, the petitioner shall: (a) submit his $5.00 filing fee or his duly executed in forma pauperis application in connection with the new and separate matter opened for the petitioner; and (b) file a written statement in that new and separate matter detailing to the judge assigned to preside over that matter the reasons for the petitioner's failure to prosecute his habeas challenges for eighteen months; and it is finally

ORDERED that no statement made in these memorandum opinion and order shall be construed as expressing this Court's position as to whether the judge assigned to preside over the petitioner's new and separate matter shall find that the petitioner should or should not be allowed to litigate his habeas challenges on merits: such decision shall remain within the sole and exclusive discretion of the assigned judge.

Katharine S. Hayden,
United States District Judge